Mark L. Smith (#11367)
  msmith@sffirm.com
Jacob L. Fonnesbeck (#14176)
  jfonnesbeck@sffirm.com
**SF FIRM, LLP**
420 E. South Temple, Suite 307
Salt Lake City, UT 84111
Telephone:  (801) 584-1800
Facsimile:   (801) 584-1820

*Attorneys for WebGroup Czech Republic, a.s.
and NKL Associates, s.r.o.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DISH TECHNOLOGIES L.L.C. and SLING TV L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> WEBGROUP TECHNOLOGIES, A.S. and NKL ASSOCIATES, S.R.O., <br><br> Defendants. | **DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT PENDING ORDER ON MOTION TO TRANSFER** <br><br> Case No. 2:23-cv-00553-RJS <br><br> Judge Robert J. Shelby |

Defendants WebGroup Czech Republic, a.s. and NKL Associates, s.r.o. (together, "***Defendants***"), by and through their counsel, hereby move the Court to extend the deadline to answer or otherwise respond to the complaint until 30 days after the Court's order on Defendants' motion to transfer this case to the District of Delaware or 30 days after the transfer, whichever is later. Defendants will file the motion to transfer no later than February 13, 2024. In the alternative, Defendants request an extension until March 7, 2024, to answer or otherwise respond to the complaint.

**INTRODUCTION**

This is a highly complex patent case involving six patents, cross-border technology, and foreign defendants. The complaint alone raises numerous substantial issues for dismissal,

including lack of personal jurisdiction, lack of proper service under the Hague Service Convention, section 101 invalidity, and implausible infringement claims under Rule 12(b)(6).

But the Court need not spend its time and resources considering or deciding any of these issues because the case is highly likely to be transferred. There are already *five other cases* before the *same judge* over the *exact same patents* and technology pending in the District of Delaware. At the very least, the Court should ascertain that the case will not be transferred before substantive briefing on motions, including motions to dismiss, takes place.

Accordingly, Defendants respectfully request an extension of their time to file a motion to dismiss, answer, or otherwise respond to the complaint until 30 days after their motion to transfer is resolved by this Court or after the case is transferred to the District of Delaware, whichever is later. Defendants will file their motion to transfer no later than February 13, 2024.[1] An extension will preserve judicial resources, promote efficiency, and contribute to the orderly resolution of the litigation. In the alternative, if the Court decides to require parallel briefing on motions to transfer and dismissal, Defendants request an extension to respond to the complaint until March 7, 2024. A short extension is necessary because the complaint and exhibits span 575 pages, and Defendants require additional time to evaluate their defenses.

## ARGUMENT

**I. TRANSFER SHOULD BE RESOLVED BEFORE MOTIONS TO DISMISS TO PROMOTE EFFICIENCY AND JUDICIAL ECONOMY**

"Judicial economy requires that [a] district court should not burden itself with the merits of the action until it is decided [whether] a transfer should be effected." *McDonnel Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970). Thus, "[a]lthough district courts have discretion

---

[1] Nothing in this motion is intended to waive any defense, including as to lack of proper service, and Defendants expressly reserve all rights to assert these defenses.

as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority." *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020); *see also In re Horseshoe Enter.*, 337 F.3d 429, 433 (5th Cir. 2003) (holding that a motion to transfer "should have taken a top priority" over substantive motions); *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) ("[A] trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case.").

Postponing the deadline for Defendants' motion to dismiss or other response to the complaint until after the resolution of a transfer motion properly falls within the Court's case management authority to promote "economy of time and effort for itself, for counsel, and for litigants." *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963). The purpose of transfer is to "prevent the waste of time, energy and money." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Requiring substantive briefing and responses while a motion to transfer is pending represents exactly the type of "unnecessary inconvenience and expense" that a transfer is meant to prevent. *See In re Google Inc.*, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015). As such, courts routinely stay or extend deadlines for substantive briefing while a motion to transfer is pending. *See, e.g.*, *Yellow Corp. v. Int'l Brotherhood of Teamsters*, 2023 WL 5854672, at *1 (D. Kan. Sept. 11, 2023) (extending motion to dismiss deadlines because "deciding the transfer issue first is in the best interest of judicial economy"); *Christensen v. DeVos*, 2020 WL 1308649, at *1 (D. Utah Mar. 19, 2020) (staying motion to dismiss pending motion to transfer to "conserve resources of the parties and the court")), *vacated on other grounds*, 2020 WL 4557789 (D. Utah Apr. 2, 2020).

Here, concerns about inefficiency are particularly acute. This case is extremely likely to be transferred to the District of Delaware. First, none of the parties has substantial ties to Utah.

Defendants are Czech corporations that operate from the Czech Republic in the European Union. Complaint, Dkt. 1 at ¶¶ 4–5.) Plaintiffs are Colorado corporations whose only ties to Utah involve a ***different*** corporation whose patents they purchased and the named inventors. *Id.* ¶¶ 2–3, 42–51.

Second, and worse still, Plaintiffs ***already*** have asserted the ***same patents*** in five other cases in the District of Delaware. *See DISH Techs. LLC v. Yanka Indus, Inc. d/b/a MasterClass*, 1:23-cv-01305-GBW (D. Del.); *Dish Techs. LLC et al. v. A Parent Media Co. Inc.*, 1:23-cv-01000-GBW (D. Del.); *DISH Techs. LLC v. Beachbody, LLC d/b/a BODi*, 1:23-cv-00987-GBW (D. Del.); *DISH Techs. LLC v. fuboTV Media Inc.*, 1:23-cv-00986-GBW (D. Del.); *DISH Techs. LLC et al. v. IFIT Health & Fitness, Inc. f/k/a ICON Health & Fitness, Inc.*, 1:23-cv-00963-GBW (D. Del.). Each of these cases is pending before ***the same judge***—Judge Gregory Williams. And each of these cases accuses the ***same technology***, the adaptive bitrate streaming protocol, which is at issue here as well. *See id.*; *see also* Complaint ¶ 45.

Plaintiff cannot plausibly dispute that transfer of this case to the District of Delaware would prevent the risk of inconsistent rulings and promote judicial (and party) efficiency by enabling the same judge familiar with the patents and technology to resolve all cases. *See Indivior Inc. v. Actavis Labs. UT, Inc.*, 2018 WL 10231420, at *1 (D. Utah Apr. 4, 2018) (transferring case to Delaware based on the latter court's "familiarity" and "understand[ing]" of the "underlying technology" in a patent case); *Christensen*, 2020 WL 1308649, at *1 (staying motions to dismiss to avoid "inconsistent rulings" and "potential divergence of claim disposition" that would "threaten the just and expeditious resolution of all actions to the overall benefit of the parties") (internal quotations and citation omitted).

Defendants respectfully request an extension of deadlines to file a motion to dismiss, answer, or otherwise respond to the complaint until 30 days after their motion to transfer is resolved or 30 days after the case is transferred to the District of Delaware, whichever is later. Defendants will file their motion to transfer no later than February 13, 2024, which is 21 days after Plaintiffs purported to have served Defendants, in addition to the 14-day extension permitted under DUCivR 77-2.

## II. IN THE ALTERNATIVE, DEFENDANTS REQUEST AN EXTENSION TO RESPOND TO THE COMPLAINT IN LIGHT OF INTERNATIONAL SERVICE

If the Court decides that the motion to dismiss should be briefed in parallel with the motion to transfer, Defendants respectfully request an extension until March 7, 2024, to answer, move to dismiss, or respond the complaint. An extension is warranted to allow Defendants additional time to evaluate defenses to Plaintiff's claims.

Defendants are foreign corporations (Complaint at ¶¶ 4–5), and thus must ordinarily be served under the Hague Service Convention or another method prescribed by Rule 4. *See* Fed. R. Civ. P. 4(h)(2). On January 16, 2024, Defendants became aware that certain papers were delivered by mail to Defendants' offices in the Czech Republic. (Declaration of Christopher Mathews ("**Mathews Decl.**") at ¶ 2.) The Complaint and exhibits span over 575 pages, assert numerous patents, and require significant time to review and evaluate potential defenses, including as to service.

Counsel for Defendants contacted counsel for Plaintiffs on January 26, 2024, and requested that parties stipulate to an extension and briefing schedule on the motion to transfer and motion to dismiss. (Mathews Decl. at ¶ 3.) Plaintiffs declined to stipulate. (*Id*.) Accordingly, should the Court order parallel briefing on the motions to transfer and dismiss, Defendants respectfully request an extension to file these motions until March 7, 2024.

## CONCLUSION

For the foregoing reasons, Defendants' motion to extend time to answer or otherwise respond to the complaint should be granted.

DATED: January 31, 2024  **SF FIRM, LLP**

                                          /s/ Mark L. Smith
                                 Mark L. Smith
                                 *Attorneys for WebGroup Czech Republic, a.s. and NKL Associates, s.r.o.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2024, the foregoing **DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT PENDING ORDER ON MOTION TO TRANSFER** was served on the person(s) named below via the Court's electronic filing system:

Brent O. Hatch
Adam M. Pace
HATCH LAW GROUP
22 E. 100 S., Suite 400
Salt Lake City, UT 84111
hatch@hatchpc.com
pace@hatchpc.com

                                                          /s/ Melina Hernandez