Mark L. Smith (#11367)
  msmith@sffirm.com
Jacob L. Fonnesbeck (#14176)
  jfonnesbeck@sffirm.com
**SF FIRM, LLP**
420 E. South Temple, Suite 307
Salt Lake City, UT 84111
Telephone: (801) 584-1800
Facsimile:  (801) 584-1820

*Attorneys for WebGroup Czech Republic, a.s.
and NKL Associates s.r.o.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DISH TECHNOLOGIES L.L.C. and SLING TV L.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>WEBGROUP CZECH REPUBLIC, A.S. and NKL ASSOCIATES, S.R.O.,<br><br>Defendants. | **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER**<br><br>Case No. 2:23-cv-00553-RJS-JCB<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Having reviewed Defendants' Motion to Transfer, and for good cause appearing, the motion is hereby GRANTED. The Court orders this action be transferred to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a).

28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Among the factors considered under § 1404(a) are: "the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions

arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (citation omitted). Further, "the existence of multiple cases involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Thus, although judicial efficiency is not expressly listed as a factor, it is part of the "interest of justice" and "other considerations . . . that make trial easy, expeditious and economical" that support transfer. *See id.*

Here, the Court finds that the relevant § 1404(a) factors—particularly the "paramount" factor of judicial efficacy due to multiple pending cases—support transferring this case to the United States District Court for the District of Delaware. Plaintiffs have already filed five other cases that include the assertion of the same six patents at issue in this case in the District of Delaware. In addition to overlapping legal issues, the cases appear to involve related questions of fact, including substantially the same accused technology (the "adaptive bitrate streaming" protocol). Moreover, most of the cases now pending before the District of Delaware have been assigned to Judge Gregory Williams. Having a single court decide these issues promotes judicial efficiency and ensures consistent rulings. Accordingly, the interest of justice, efficiency, and consistency all support Defendants' motion to transfer this case to the District of Delaware.

Moreover, the defendants in this case lack any ties to Utah, and the witnesses responsible for the technical operation of the websites at issue reside abroad in the European Union. Defendants have submitted convincing evidence that travel to Delaware is more convenient for these witnesses because it is less than two hours away from New York (which has direct flights from the Czech Republic). Declaration of Robert Seifert ¶ 7. Moreover, the third-party that operates Defendants' servers is also located abroad in the European Union and would face less inconvenience in Delaware. *Id.* ¶¶ 6–7. On the other hand, the named patent inventors—who reside in Utah and provide the only apparent connection between this case and this forum—will almost certainly be required to travel to Delaware for depositions and potentially trial in the other cases

previously filed in the District of Delaware. Inconvenience to these witnesses will be minimized through coordination of these cases by a single judge, which can only be achieved through transfer. Thus, any inconvenience imposed on Plaintiffs by transferring this case appears to be minimal.

Although Plaintiffs filed this case in the District of Utah, their decision is entitled to less weight because they are not Utah residents. *Empl. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010). Further, the District of Delaware appears to be less congested, with an average time of 33.7 months from filing to trial (and 8 months on average from filing to disposition) in civil cases in 2022, compared to 60.7 months (and 11.5 months) in this court.[1] The District of Delaware thus has greater resources available to deal with these cases. Last, the remaining transfer factors are neutral: Judgment is equally enforceable in either district, and trial may be had in both locations, and conflicts of law and local considerations are not applicable because this case arises under federal law. *See Community Television of Utah, LLC v. Aereo, Inc.*, 997 F. Supp. 2d 1191, 1207 (D. Utah 2014). Accordingly, these factors favor transfer overall.

Lastly, the Court finds that Plaintiffs could have filed this case in the District of Delaware. Plaintiffs' arguments for personal jurisdiction and venue for the Defendants are identical in the District of Delaware as they are in this District because they are both based on nationwide contacts. *See* Dkt. 1 ¶¶ 21, 25. Accordingly, this case could have been brought in the District of Delaware to the same extent as in this District, and the case may be properly transferred. *See WellPet, LLC v. Midwestern Pet Foods, Inc*, 2009 WL 5111790, at *2 (M.D. Penn. Dec. 16, 2009) (finding that the case "could have been brought in many of the United States' district courts" based on nationwide sales of the accused products).

////

////

////

---

[1]  *See* Federal Court Management Statistics – Profiles (December 31, 2023), *available at* https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-december-2023.

Accordingly, Defendants' Motion to Transfer is hereby GRANTED. The Court hereby TRANSFERS this action to the United States District Court for the District of Delaware.

**IT IS SO ORDERED.**

DATED:_____

BY THE COURT:

_____
Honorable Robert J. Shelby
United State District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2024, the foregoing **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER** was served on the person(s) named below via the Court's electronic filing system:

Brent O. Hatch
Adam M. Pace
HATCH LAW GROUP
22 E. 100 S., Suite 400
Salt Lake City, UT 84111
hatch@hatchpc.com
pace@hatchpc.com

                                                        /s/ Melina Hernandez