IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DISH TECHNOLOGIES LLC; and SLING TV LLC, <br><br>          Plaintiffs, <br><br> v. <br><br> WEBGROUP CZECH REPUBLIC AS; and NKL ASSOCIATES SRO, <br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:23-cv-00553-RJS-JCB <br><br> Chief Judge Robert J. Shelby <br><br> Magistrate Judge Jared C. Bennett |

This case arises under federal patent law. Plaintiffs Dish Technologies LLC and Sling TV LLC allege Defendants WebGroup Czech Republic AS and NKL Associates SRO willfully infringed on multiple patents held by Plaintiffs.[1] Now before the court is Defendants' Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a).[2] For the reasons explained below, the court DENIES the Motion.

## BACKGROUND

Plaintiffs are limited liability companies organized under Colorado law, with their principal places of business in Colorado.[3] Defendants are foreign entities based in the Czech Republic.[4] The patents at issue concern adaptive bitrate streaming (ABR) technology developed and commercialized at Plaintiffs' Utah office.[5] Various individuals familiar with the patents,

---

[1] Dkt. 1, *Complaint*.

[2] Dkt. 13, *Defendants' Motion to Transfer* (*Motion to Transfer*).

[3] *Complaint* ¶¶ 2–3.

[4] *Id.* ¶¶ 4–5.

[5] Dkt. 16, *Plaintiffs' Opposition to Defendants' Motion to Transfer* (*Opposition*) at 1.

1

including "the inventors, the original prosecuting attorney, and executives from MOVE Networks, Inc., the entity that originally owned and commercialized the [patents]," reside in Utah.[6]

Plaintiffs initiated the present suit against Defendants in the District of Utah on August 22, 2023.[7] The same day, Plaintiffs initiated a separate suit in the District of Utah alleging infringement of the same ABR patents by several other defendants.[8] And shortly thereafter, Plaintiffs initiated seven additional suits alleging nearly identical patent infringement claims against additional defendants.[9] Of those seven suits, Plaintiffs filed five in the District of Delaware,[10] one in the District of Utah,[11] and one in the Southern District of New York.[12]

Defendants filed their Motion to Transfer on February 13, 2024.[13] Defendants ask the court to transfer the case to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a).[14] The motion is fully briefed and ripe for review.[15]

---

[6] *Id.*

[7] *See generally Complaint*.

[8] *See generally DISH Techs. LLC et al. v. MG Premium Ltd. et al.*, No. 2:23-cv-00552-HCN-DAO (D. Utah Aug. 22, 2023).

[9] *See Motion to Transfer* at 2.

[10] *See DISH Techs. LLC et al. v. IFIT Health & Fitness Inc.*, No. 1:23-cv-00963-GBW (D. Del. Sept. 1, 2023); *DISH Techs., LLC v. Beachbody,* LLC, No. 1:23-cv-00987-GBW (D. Del. Sept. 6, 2023); *DISH Techs. LLC v. fuboTV Media Inc.*, No. 1:23-cv-00986-GBW (D. Del. Sept. 6, 2023); *DISH Techs. LLC et al. v. A Parent Media Co. Inc.*, No. 1:23-cv-01000-GBW (D. Del. Sept. 8, 2023); *DISH Techs. LLC v. Yanka Indus Inc.*, No. 1:23-cv-01305-GBW (D. Del. Nov. 15, 2023).

[11] *DISH Techs. LLC et al. v. Vidgo, Inc.*, No. 2:23-cv-00624-HCN-CMR (D. Utah Sept. 11, 2023).

[12] *DISH Techs. LLC et al. v. BritBox LLC*, No. 1:23-cv-08971-LGS (S.D.N.Y. Oct. 12, 2023) (stayed June 18, 2024 pending Inter-Partes review).

[13] *See generally Motion to Transfer.*

[14] *Id.* at 4.

[15] *See generally id.*; *Opposition*; Dkt. 17, *Defendants' Reply in Support of Motion to Transfer* (*Reply*).

## LEGAL STANDARDS

Section 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ."[16] In this sense, § 1404(a) is "a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system."[17] It permits transfer to a "more convenient forum, even though venue is proper" in the transferor court.[18]

The Tenth Circuit weighs nine "convenience factors" to determine whether to transfer a case:

> [1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and, [9] all other considerations of a practical nature that make a trial easy, expeditious and economical.[19]

The moving party bears the burden of establishing these factors support transfer, and must do more than "[m]erely shift[] the inconvenience from one side to the other. . . ."[20]

---

[16] 28 U.S.C. § 1404(a).

[17] *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. W. Dist. Of Tex.*, 571 U.S. 49, 60 (2013).

[18] *Id.* (quoting § 1404 Historical and Revision Notes).

[19] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). Defendants suggest the court may transfer a case if the "interest of justice favors transfer . . . regardless of the convenience of the parties," and analyze judicial efficiency in a discussion about the "interest of justice." *See Motion to Transfer* at 5–6; *Reply* at 1. However, the Tenth Circuit does not bisect the § 1404(a) analysis into separate questions of convenience and justice. The Tenth Circuit applies the foregoing standard and assesses judicial efficiency and other practical concerns under the ninth convenience factor.

[20] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

## ANALYSIS

Applying the foregoing standard, both parties agree venue is proper in this forum but the case could have been brought in the District of Delaware.[21] Both parties also agree several of the transfer factors—enforceability questions, advantages and obstacles to a fair trial, possible conflicts of laws, and local court advantage—are neutral in this case.[22] Thus, the dispositive question is whether Defendants demonstrate the remaining transfer factors—(A) Plaintiffs' choice of forum, (B) accessibility of witnesses and sources of proof, (C) the cost of necessary proof, (D) docket congestion, and (E) other practical considerations—support adjudicating this case in the District of Delaware.[23] The court discusses each factor in turn, concluding Defendants fail to meet their burden to establish transfer is appropriate.

### A. Plaintiffs' Choice of Forum

Plaintiffs' choice to litigate this case in the District of Utah weighs against transfer because the court must afford deference to Plaintiffs' choice.

When considering transfer, "the plaintiff's choice of forum should rarely be disturbed."[24] However, less weight is afforded to that choice when the plaintiff does not reside in the district,[25] and "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum."[26] Greater weight is afforded when the underlying facts have a significant connection to the plaintiff's chosen forum.[27] And "[i]n patent cases, a patent

---

[21] *Motion to Transfer* at 8; *Opposition* at 3.

[22] *See Motion to Transfer* at 8; *Opposition* at 10.

[23] *Compare Opposition* at 3–10 *and Reply* at 3–10.

[24] *Scheidt*, 956 F.2d at 965.

[25] *Emplrs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010).

[26] *Id.* (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F.Supp. 667, 669 (D. Kan. 1993)).

[27] *Corel Software LLC v. Microsoft Corp.*, No. 2:15-cv-528-JNP-PMW, 2016 WL 782249, at *2 (D. Utah Feb. 26, 2016).

developed by individuals who reside in the plaintiff's chosen forum constitutes a significant connection to that forum."[28]

Defendants argue Plaintiffs' choice of forum is not entitled to any deference because they are "Colorado corporations whose only claimed connection to this District is through the inventors (who are not named parties),"[29] but Plaintiffs adequately counter that the facts underlying their patent infringement claims show a significant connection to Utah.[30] Specifically, Plaintiffs operate an office in Utah, the ABR technology behind the patents-at-issue was developed at Plaintiffs' Utah office, and the patent inventors all reside in Utah.[31]

The court concludes Plaintiffs' choice of forum is entitled to deference and the choice of forum factor weighs against transfer.[32]

### B. Accessibility of Witnesses and Sources of Proof

The accessibility of witnesses and sources of proof factor weighs against transfer because Defendants fail to analyze the inconvenience litigation in the District of Utah poses as required by the Tenth Circuit. Importantly, this is the most significant factor in a § 1404(a) analysis.[33]

"To demonstrate inconvenience [with respect to the accessibility of witnesses], a movant must (1) identify the witnesses and their locations; (2) 'indicate the quality or materiality of the[ir] testimony'; and (3) 'show[] that [if] any such witnesses were unwilling to come to trial . .

---

[28] *Id.*

[29] *Motion to Transfer* at 7 n.3.

[30] *See Opposition* at 1.

[31] *Id.* at 1, 4.

[32] In their *Reply*, Defendants argue Plaintiffs' choice of forum "must be viewed in light of their overall litigation strategy," that is, their decision to file multiple, similar lawsuits in several forums around the country. *Reply* at 2. However, the court does not consider this argument in assessing the choice of forum factor because Defendants did not raise this argument in their Motion. *See In re Motor Fuel Temperature Sales Pracs. Litig.*, 872 F.3d 1094, 1112 n.5 (10th Cir. 2017) ("[A]rguments raised for the first time in a reply brief are waived.").

[33] *Bartile Roofs*, 618 F.3d at 1169.

. [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary."[34]

Defendants generally argue this factor weighs in their favor because Delaware is a convenient forum for Plaintiffs' and Defendants' witnesses alike.[35] With respect to Plaintiffs' witnesses, Defendants point to the parallel cases Plaintiffs chose to bring in Delaware.[36] They reason Plaintiffs "already eliminated" any convivence that might arise from the presence of these witnesses in Utah because the witnesses will "have to be deposed and potentially testify at trial in the Delaware cases."[37] They further reason that "[t]ransferring the case to Delaware may well . . . reduce potential inconvenience" by enabling consolidated litigation activities.[38] With respect to their own witnesses, Defendants acknowledge they lack any connection to Utah or Delaware.[39] However, they contend Delaware is a more convenient forum because their witnesses and evidence are located in the Czech Republic, and it would be significantly cheaper and less time consuming to facilitate travel from the Czech Republic to Delaware than the Czech Republic to Utah.[40]

Regardless of these considerations, the accessibility of witnesses and sources of proof factor is not simply a question of practical convenience, and Defendants fail to engage the proper analysis.[41] Beyond stating that "the witnesses responsible for technical operation of the accused

---

[34] *Id.* (quoting *Scheidt*, 956 F.2d at 966) (first, second, fourth, and fifth alterations in original).

[35] *Motion to Transfer* at 7.

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.*; *see also* Dkt. 13-1, *Declaration of Robert Seifert in Support of Motion to Transfer* ¶ 7.

[41] *See Bartile Roofs*, 618 F.3d at 1169.

websites reside abroad in the European Union,"[42] Defendants do not identify any witnesses or their locations, describe the nature of the identified witnesses' testimony, or explain the location-specific implications of any witness refusing to come to trial. Accordingly, Defendants do not satisfy their burden to show the accessibility of witnesses and sources of proof factor weighs in their favor.

Weighing this result against Plaintiffs' careful identification of potential witnesses, the anticipated content of those witnesses' testimony, and the concern their Utah-based witnesses would not be subject to compulsory process in the District of Delaware, the court concludes the accessibility of witnesses and sources of proof factor weighs against transfer.

**C. Cost of Necessary Proof**

The cost of necessary proof is a neutral factor. As an initial matter, Defendants' Motion does not directly address the cost of necessary proof factor. However, their Motion is supported by a Declaration asserting Defendants would save considerable time and money traveling to Delaware instead of Utah,[43] and the court considers these costs in support of Defendants' position on this factor.

In any case, the court concludes the cost of necessary proof is a neutral factor because Plaintiffs adequately show that transferring the case to the District of Delaware would increase the time and money required to make their Utah-based witnesses and evidence available. As

---

[42] *Motion to Transfer* at 7.

[43] *See* Dkt. 13-1.

stated at out outset of this discussion, Defendants' case for transfer must do more than simply "shift" inconvenience from themselves to Plaintiffs.[44]

**D. Congestion of Courts**

The congestion of courts factor is neutral because relevant statistics suggest the Districts of Utah and Delaware are similarly congested. "When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge."[45] If the transferee venue is significantly less congested than the transferor, this factor weighs in favor of transfer.[46]

Defendants argue the "District of Delaware is . . . significantly less congested than the District of Utah,"[47] but the Federal Court Management Statistics suggest otherwise. As reported in December 2023, Delaware has a *de minimis* advantage in median filing to disposition time for civil cases—8.3 months in Delaware to 9.8 months in Utah.[48] Additionally, Delaware has a much shorter median time for civil case filing to trial—38 months in Delaware to 60.7 months in Utah.[49] However, Utah has a small advantage in average pending cases per judge—559 in Delaware to 500 in Utah—and a significant advantage in average weighted filings per judge—

---

[44] The court acknowledges Defendants' overarching argument that Plaintiffs' choice to bring related cases in the District of Delaware undermines their argument that transfer to that District inconveniences them. Likewise, the court acknowledges Defendants' argument that litigating this case in the District of Delaware may reduce both parties' overall costs by enabling judicial efficiency. However, Defendants do not raise these arguments in the context of the cost of proof factor and the court will not hypothesize about their implications. As a result, the court does not consider these arguments in its assessment of the factor.

[45] *Bartile Roofs*, 618 F.3d at 1169.

[46] *Id.*

[47] *Motion to Transfer* at 7.

[48] *Federal Court Management Statistics*, United States Courts (December 2023), https://perma.cc/ZUR5-62P6 at 14, 85.

[49] *Id.* Utah does not have a December 2023 value for median time from civil case filing to trial, so the court compares Delaware's December 2023 value to Utah's December 2022 value.

8

666 in Delaware to 466 in Utah.[50] Weighing Delaware's advantages in filing to disposition time and median time from civil filing to trial against Utah's advantages in average pending cases per judge and average weighted filings per judge, the court concludes this factor is neutral.

### E. Other Practical Considerations

The final factor—"all other considerations of a practical nature that make a trial easy, expeditious and economical"—is also neutral.

In brief, Defendants argue transfer to the District of Delaware would improve the easy, expeditious, and economical adjudication of this case by enabling this case to be consolidated with five similar cases currently pending in that court before Judge Gregory Williams.[51] Plaintiffs respond that Defendants' argument fails to consider that litigation will occur in the District of Utah regardless because there are also three similar cases currently pending in the District of Utah.[52] These cases consist of the two related cases mentioned in Defendants' Motion, and a third case filed January 24, 2024.[53]

A brief review of the status of the related cases offers important insight into the strength of the parties' arguments. Since Defendants filed their Motion, three of the five cases filed in the District of Delaware have been dismissed and closed.[54] Only two cases remain active, and both

---

[50] *Id.*

[51] *Motion to Transfer* at 5–6.

[52] *Opposition* at 8–10.

[53] *Id.* The third case is *DISH Techs. LLC v. Aylo Freesites Ltd.*, No. 2:24-cv-00066-DAK-JCB. In their reply, Defendants assert this case is materially the same as the *MG Premium* case because Aylo Freesites is merely MG Premium's new corporate identity. *See Reply* at 4.

[54] *See DISH Techs. LLC et al. v. IFIT Health & Fitness Inc.*, No. 1:23-cv-00963-GBW (D. Del. Sept. 1, 2023) (voluntarily dismissed with prejudice March 7, 2024); *DISH Techs., LLC v. Beachbody, LLC*, No. 1:23-cv-00987-GBW (D. Del. Sept. 6, 2023) (voluntarily dismissed without prejudice April 22, 2024); *DISH Techs. LLC et al. v. A Parent Media Co. Inc.*, No. 1:23-cv-01000-GBW (D. Del. Sept. 8, 2023) (voluntarily dismissed without prejudice April 29, 2024).

cases remain in the early stages of litigation.[55]  By contrast, each of the three related cases in the District of Utah remain unresolved.[56]

Because only two related cases remain active in the District of Delaware, whereas three related cases remain active in the District of Utah (four including the present case), the crux of Defendants' argument in support of transfer to the District of Delaware as a matter of efficiency and ease has evaporated.  The District of Utah now appears to be the epicenter of the Plaintiffs' patent defense efforts.  Thus, the court concludes the practical considerations associated with transfer to the District of Delaware are, at best, neutral.

Weighing these conclusions, the court determines Defendants have not shown any of the contested convenience factors support transfer to the District of Delaware.  To the contrary, Plaintiffs have shown several factors support keeping this case in the District of Utah.

## CONCLUSION

For the reasons explained above, the court DENIES Defendants' Motion to Transfer.[57]

DATED this 23rd of July 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[55] *See DISH Techs. LLC v. fuboTV Media Inc.*, No. 1:23-cv-00986-GBW (D. Del. Sept. 6, 2023) (Motion to Stay Pending Inter-Partes Review filed June 4, 2024); *DISH Techs. LLC v. Yanka Indus Inc.*, No. 1:23-cv-01305-GBW (D. Del. Nov. 15, 2023) (Motion to Dismiss for Failure to State a Claim filed April 10, 2024).

[56] *See DISH Techs. LLC et al. v. MG Premium Ltd. et al.*, No. 2:23-cv-00552-HCN-DAO (D. Utah Aug. 22, 2023) (stayed May 24, 2024 pending Inter-Partes review); *DISH Techs. LLC et al. v. Vidgo, Inc.*, No. 2:23-cv-00624-HCN-CMR (D. Utah Sept. 11, 2023) (stayed May 31, 2024 in light of Vidgo's economic hardship); *DISH Techs. LLC v. Aylo Freesites Ltd.*, No. 2:24-cv-00066-DAK-JCB (Motion for Inter-Partes Review filed June 10, 2024).

[57] Dkt. 13.